```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION


LOUISIANA PACIFIC CORPORATION,  )
                                )
        Plaintiff               )
                                )       No. 3:11-0317
v.                              )       Magistrate Judge Brown
                                )       Jury Demand
THE TEAFORD CO., INC.,          )
                                )
        Defendant               )
```

## **O R D E R**

The Plaintiff in this matter has filed a motion to amend its complaint and to revise the scheduling order (Docket Entry 59). Plaintiff (LP) has attached a copy of the proposed amended complaint as Docket Entry 59-1. The first five counts of the amended complaint appear to be identical to the original complaint.

The proposed Count 6 alleges a breach of contract against LP's insurance agent, Holman and Company (Holman) alleging that Holman failed to obtain proper insurance as was required by the contract between LP and Defendant Teaford Co., Inc. (Teaford). Plaintiff contends that Teaford was required to obtain professional liability insurance, for bodily injury and property damage arising out of any design, fabrication, and manufacturing performed by Teaford away from the Clark County plant. They alleged that Holman was aware this was a requirement of the contract and that Holman failed to obtain proper insurance. They contend that they are an intended beneficiary between Teaford and Holman to acquire the necessary insurance that would protect LP.

Count 6 alleges a negligence claim by LP against Holman. This claim essential argues that Holman was negligent in not determining that the insurance secured contained the appropriate coverage. They contend that Holman failed, by not examining the policies issued by Colony Insurance Co. (Colony), to determine if they contained an exclusion purporting to exclude any coverages relating to the Clark County project regardless of whether bodily injury or property damages arose on work that was performed by Teaford on site or off site.

Finally, they propose adding Count 7, an insured loss claim, against Teaford. They allege that LP had a totally separate global insurance policy to provide coverage for them in this matter regardless of any other coverage. They allege this policy had a $2 million deductible and that they have sustained $2 million in uninsured losses because of the accident at the Clark County facility.

In this count they allege that another insurance company's (ACE) policy should have provided some coverage for this accident. However, it does not appear that ACE is being added as an additional defendant in this proposed amended complaint.

The motion is not accompanied by a separate memorandum of law and no law is actually cited in the motion.

Teaford has filed an objection to the proposed second amended complaint (Docket Entry 60). The objection is devoid of

any case citation, but simply argues that this is a violation of Federal Rule of Evidence § 411 in that it would be bring insurance coverage into the case. They further argue that LP has taken an inconsistent position in opposing Teaford's earlier motion for summary judgment (Docket Entry 42, p. 2). They further object that the second amended complaint is untimely. They contend allowing an amendment at this point would be unfair, unjust, and prejudicial.

Neither party cites a single case in support of their positions.

Rule 15 of the Fed. R. Civ. P. recognizes that amendments to pleadings in the interest of justice should be freely given. Amendments under Rule 15 can denied for a number of reasons. The Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962) held that in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, utility of the amendment, leave to amend, should be freely given.

Where the court has set a deadline for amending pleadings the standard for allowing an amendment substantially changes. Under Rule 16 once a deadline passes the freely-given standard of Rule 15 changes under Rule 16 to good cause shown. *See Leary v. Dasschner*, 249 F.3d 888, 905-906 (6th Cir. 2003). In reviewing the scheduling

orders in the Court does not see that it set a firm deadline for motions to amend. However, the Court did set a deadline for completion of all discovery of April 30, 2011 (Docket Entry 58). Even had the Court granted the motion to amend on the day it was filed (March 12, 2013) it would have been impossible to get a new defendant served and to complete a reasonable amount of discovery on the new issues by that deadline.

On the other hand the Magistrate Judge understands that all claims against Teaford because of the bankruptcy proceedings are limited to insurance coverage and as such Teaford does not have a substantial dog in this fight.

In the motion (Docket Entry 59) they point out that they believe they have been sandbagged by Teaford and the insurance companies when suddenly all insurance coverage is removed and various lawsuits trying to enforce that coverage are dropped.

Unfortunately, no dates are provided when these various events occurred. The Court is therefore unable to determine whether there is undue delay in attempting to file this amended complaint.

Of course, allowing additional defendants in the matter will undoubtedly require a new scheduling order and a new trial date. Additionally, the Magistrate Judge has this case on consent and absent the consent of all new defendants, the matter would have to be remanded back to the District Judge.

Given the competing legal standards under Rules 15 and 16, as well as a lack of knowledge as to when certain events were known to the Plaintiff the Magistrate Judge is uncomfortable ruling on this motion without some additional information.  Accordingly, this matter is set for further discussion and argument for **Thursday, April 25, 2013, at 2:00 p.m. CTD.  To participate in the conference call, parties will call 615-695-2851 promptly at the scheduled time.**

The Magistrate Judge requests the parties addressing the issue of when LP knew of these various insurance matters, whether this affects in any way the relief from the bankruptcy stay allowing LP to proceed claims against Teaford in addition to the other items mentioned that govern Rules 15 and 16.  Although Holman is not a party to this proceeding, it is requested that if counsel for LP or Teaford know the address of Holman's attorney they forward a copy of this order to that person, and that attorney will be permitted to join the conference as an interested entity.

Clearly, if the amendment is allowed, an entirely new scheduling order will have to be entered with significant input from the new defendants.

While the Plaintiff has taken one position in connection with a summary judgment motion, which the Court did not fully adopt, Fed. R. Civ. P. 8 does not prevent a party from seeking relief in the alternate.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge